IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV213-03-MU

| | |
|---|---|
| JOSEPH MICHAEL GRIFFITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| S.A. BIRD; RICK JACKSON; OFFICER BUSH; ) | |
| BETTY BROWN; NORTH CAROLINA DEPT. ) | |
| OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 on May 9, 2006 (Document No. 1.). In his Complaint, Plaintiff alleges that he is being denied the right to practice his Wiccan religion.

On May 22, 2006, Plaintiff filed an affidavit (Document No. 4), stating that he filed a grievance regarding the allegations in his Complaint on April 12, 2006 which was returned to him on April 14, 2006 because he had another unrelated grievance pending. (See Plaintiff's Affidavit at 1; Attachment 2 to Plaintiff's Affidavit.) Plaintiff filed another grievance regarding the allegations in his Complaint on May 15, 2006, after he filed his Complaint in this Court. In his Affidavit, Plaintiff stated that he knows "[the grievance] is futile because the grievance board uses the same Religious Practices Manual that Betty Brown helped write." (Plaintiff's Affidavit at 2.)

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to

1

exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See <u>Anderson v. XYZ Correctional Heath Services</u>, 407 F.3d 674, 676-77 (4th Cir. 2005) citing <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. <u>Johnson v. Jones</u>, 340 F.3d 624 (8th Cir. 2003).

    In his affidavit, Plaintiff concedes that, at the time Plaintiff filed his Complaint, he had not exhausted his administrative remedies. Plaintiff filed one grievance regarding the allegations contained in his Complaint prior to the filing of this lawsuit. However, that grievance was returned to him because he had another unrelated grievance pending. Plaintiff stated in his affidavit that he filed another grievance related to the issues alleged in his Complaint on May 15, 2006, even though he believed the grievance to be futile. While the first grievance was filed prior to this Complaint, it was rejected because Plaintiff had another unrelated grievance pending. Additionally, even if that grievance had been accepted, it would have only been the first step in a three step grievance process. Moreover, the second grievance was filed after this lawsuit was filed. Therefore, neither of the grievances filed would satisfy the complete exhaustion requirement of the PLRA prior to filing a Complaint. Because the PLRA requires

that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear that Plaintiff has not exhausted his administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failing to fully exhaust his administrative remedies prior to filing his Complaint.

**SO ORDERED**.

Signed: May 24, 2006

Graham C. Mullen
United States District Judge